IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MITCHELL DANYELL BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:25CV11 |
| v. | ) | 1:21CR344-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document titled as a Notice in which he states that he previously filed a motion to dismiss the indictment in his criminal case which he signed on November 12, 2024. This is an apparent reference to an earlier filing that the Court construed and docketed as a Motion (Docket Entry 146) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The undersigned entered an Order and Recommendation (Docket Entry 148) in conjunction with that filing informing Petitioner that the filing was an attack on the conviction or sentence he received in this Court, that it was not a recognizable method for attacking his conviction or sentence at this point, that the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence, and that the Court construed the filing as motion under § 2255 but recommended dismissal without prejudice because Petitioner did not file the Motion on the proper forms. Petitioner later filed objections and other documents, but the United States District Judge assigned to the case adopted the Recommendation and entered an Order (Docket Entry 153)

and Judgment (Docket Entry 154) dismissing Petitioner's earlier filing without prejudice. Petitioner's most recent filing, which it appears crossed in the mail with the Order and Judgment, continues to attempt to challenge his conviction or sentence via a motion to dismiss the indictment. For this reason, the Court will also construe the present submission as a Motion (Docket Entry 155) under § 2255. However, the Motion cannot be further processed for the following reason:

1.	The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

Petitioner also previously sought the disclosure of evidence presented to the grand jury in his case. The Court denied that request because Petitioner did not provide sufficient support for any disclosure. To the extent Petitioner continues to seek the disclosure of grand jury information, nothing has changed because he provides no further or different support for the request. Therefore, any renewed request will be denied for the same reasons as the prior request. If Petitioner believes that he can provide sufficient support after filing a proper motion under § 2255, he can file a separate motion seeking disclosure as part of litigating his § 2255 motion.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions and that Petitioner's request for grand jury materials is denied without prejudice.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 27th day of January, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**